PeaesoN, C. J.
 

 The plaintiffs are not entitled to relief, because their entries are too vague to amount to notice, or give them any priority;
 
 Monroe
 
 v. McCormick, 6 Ired. Eq. 85, is decisive. In that case, which is founded upon
 
 Harris
 
 v.
 
 Ewing,
 
 1 Dev. and Bat. Eq. 369;
 
 Johnston
 
 v.
 
 Shelton,
 
 4 Ired. Eq. 85, it is held “where one makes an entry so vague as not to identify the land, such entry does not amount to notice, and does not give any priority of right, as against another individual who makes an entry, has it surveyed, and takes out a grant. By a liberal construction of the law, such entries are not void as against the State. It is not material to the State what vacant land is granted; but such entries are not allowed to interfere with the rights of other citizens, and are not susceptible of being notice to any one, because they have no identity. It would be taking advantage of his own wrong, for one to make a vague entry, and afterwards, take from an
 
 *31
 
 other, land which he had, in the mean time, entered and paid for.” “Where an entry is vague, it acquires no priority until it is made
 
 certain
 
 by a survey. The good sense of this principle'will strike every one as soon as it is suggested.”
 

 The first entry of the plaintiffs, on which the other seven turn as a point, is in these words, “ Daniel McDiarmid and Daniel Turner, enter 640 acres of land, in Richmond county, on the south side of Big Muddy creek, beginning at or near the ford of the creek, where the Rockingham road crosses.” Admit that this reference to “the ford,” on the creek, fixes a point to begin at, with sufficient certainty, what course is then to be taken ? up or down the creek ? if off from it, at what angle? what shape is the land to lie in? a square? a parallelogram? or some irregular figure? No adjacent tracts are called for, and nothing whatever whereby it can be made certain. If this conclusion required authority, it is furnished by the case of
 
 Johnston
 
 v. Shelton,
 
 supra.
 
 There the description was “ 640 acres of land beginning on the line dividing the counties of Haywood and Macon, at a point at, or near, Lowe’s Bear-pen, on the Hog-back Mountain, and running various courses for compliment,” and the Court admitting that the reference to Lowe’s Bear-pen, on the Hog-back mountain, in the dividing line of the two counties, fixed a point to begin, with sufficient certainty, held the entry to be too vague, “for it. cannot be told whether the land is to be laid off'by running east or west on the county line, nor how far in either direction, neither by course or distance, or natural objects, or other lines, or any other thing.”
 

 Horton
 
 v.
 
 Cook,
 
 1 Jones’ Eq. 272, was cited for the plaintiff's. That case, however, is distinguished from the cases cited above, in the opinion of the Court, on the ground, that the beginning corner was fixed at a certain tree, in a certain line of another tract, and “it mentions the head waters of the creek on which, and the
 
 tracts of land, belonging to other persons, between which it is
 
 located.” '
 

 Without reference to the other questions, raised by the pleadings, we are of opinion that the bill must be dismissed,
 
 *32
 
 because of the vagueness and uncertainty of the plaintffs’ entries.
 

 PeR Cueiam, Bill dismissed.